IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3220-BO

WILLIAM B. HALL,                    )
                 Plaintiff,         )
                                    )
        v.                          )          **ORDER**
                                    )
UNITED STATES OF AMERICA,           )
                 Defendant.         )


On September 1, 2009, William B. Hall ("plaintiff"), a federal inmate, filed this action

pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1971) and the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b) and 2671, et seq. The

matter was filed in United States District Court for the District of Columbia.. On September 11,

2010, the Honorable Richard J. Leon entered an order dismissing the Bivens action and

transferring the remaining claim under the FTCA to this court. (D.E. # 15) The transfer appears

to have occurred on December 28, 2010. (D.E. # 19). The matter is before the court for an

initial screening and several motions filed by plaintiff.

To begin, plaintiff's motion for an initial screening (D.E. # 22) is ALLOWED. The

matter is ALLOWED to proceed pursuant to 28 U.S.C. § 1915. However, the proper defendant

has not been named. The United States is the only proper party defendant to a FTCA suit. 28

U.S.C. §§ 1346(b), 2674, 2679. Therefore, the Clerk is DIRECTED to add the United States as

the proper party defendant and DISMISS all other named defendants.

The motion to compel is DENIED at this time (D.E. # 21) given that discovery has yet

to be conducted. Because discovery has not been undertaken, the motion is not ripe. This does

not preclude plaintiff from returning to the court at a later time with the same motion.

Lastly, plaintiff's motion for injunctive relief to keep him from being transferred from Butner is DENIED. It is well-settled that a prisoner has no due process right to be housed in the facility of his choice. Meachum v. Fano, 427 U.S. 215, 223-24 (1976). Likewise, liberty interests are not implicated by transfers between prisons. Olim v. Wakinekona, 461 U.S. 238, 248 (1983). Thus, Hall fails to demonstrate the likelihood of success on the merits of his claim for injunctive relief. Likewise, Hall fails to allege that he is in any imminent danger of serious bodily harm so as to warrant emergency injunctive relief of this nature. See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir.2005)..

Accordingly, the motion for initial screening is ALLOWED (D.E. # 22). The motion to compel is DENIED as not ripe (D.E. # 21). The motion for injunctive relief is DENIED (D.E. # 24). Lastly, the court finds it appropriate to set parameters for discovery in this action. All discovery shall be commenced or served in time to be completed by February 15, 2012. All motions, including dispositive ones, shall be filed by March 15, 2012.

SO ORDERED, this the _15_ day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2