IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3220-BO

| | | |
|---|---|---|
| WILLIAM B. HALL,<br>　　　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **ORDER** |
| UNITED STATES OF AMERICA,<br>　　　　Defendant. | )<br>)<br>) | |

William B. Hall ("plaintiff") is a D.C. Code Offender housed at Federal Correctional Institution - Butner, North Carolina. On September 1, 2009, in United States District Court for the District of Columbia plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b) and 2671, et seq. On September 11, 2010, the Honorable Richard J. Leon entered an order dismissing the Bivens action and transferring the remaining claim under the FTCA to this court [D.E. 15].[1] The transfer appears to have occurred on December 28, 2010 [D.E. 19]. Now before this court is the United States of America's motion to dismiss the FTCA claim pursuant to 12(b)(6) and alternatively for summary judgment [D.E. 36]. In response, plaintiff filed a document entitled Motion to Amend [D.E. 50]. The matter is properly before the court.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

---

[1] Judge Leon's order stated "[plaintiff] alleges that BOP provided negligent medical treatment for his end-stage liver disease. In response to defendants' pending motion to dismiss or for summary judgment, plaintiff concedes that he has stated no claim for which relief can be granted under Bivens and, thus, has withdrawn that claim." Order at D.E. 15 citing Pl.'s Reply to Defs.' Mot. for Summ. J. at 3.

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" U, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009) ("The plausibility standard ... requires the plaintiff to articulate facts, when accepted as true, that show ... the plausibility of entitlement to relief") (internal citations and quotation marks omitted).

In making the determination as to whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor will the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009). Moreover, a court may consider "documents incorporated into the [pleadings] by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

As stated above, under the FTCA, plaintiff alleges negligent medical care. The United States is the proper defendant and only remaining defendant in this FTCA action. Plaintiff's complaint specifically alleges that plaintiff was diagnosed with Hepatitis C in 1995, and with End Stage Liver Disease ("ESLD") in 1997. Compl. ¶8. Plaintiff alleges that he was diagnosed as a "candidate" for Interferon treatment in 1998. Compl. ¶9. Plaintiff alleges that, in June 2002, he was listed on the United Network for Organ Sharing ("UNOS") as a candidate for liver transplantation. Compl. ¶10.

However, due to negligence throughout the Bureau of Prisons plaintiff has been consistently denied both Interferon treatment and "categorically denied the possibility of a liver transplant." Compl.

Plaintiff was originally housed at the Federal Correctional Facility at Rivers in Winton, North Carolina. In November 2006, he was transferred to the Federal Correctional Institution in Petersburg, Virginia, and returned to Butner, North Carolina in January 2008. Plaintiff has been at Butner since that time and was at the facility in Butner, North Carolina, when he filed this FTCA. The United States seeks 12(b)(6) dismissal of the FTCA claim for failure to comply with North Carolina's pre-filing requirement Rule 9(j). Mem. Supp. of Mot. To Dismiss and Alternatively for Summ. J.

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. §§ 2647, 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). Plaintiff's tort claim accrued in North Carolina, where he has been incarcerated and most recently undergone treatment for his ESLD since January 2008. Therefore, his claim is governed by the substantive law of North Carolina. See Iodice v. United States, 289 F.3d 270, 274-75 (4th Cir. 2002) ("In this federal tort claims action, arising out of events occurring in North Carolina, the law of that state controls."); see, also Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quotation omitted); U.S.C. § 1346(b).

In North Carolina, there are substantive legal requirements that a person must follow to pursue a medical malpractice claim. In North Carolina, a plaintiff asserting negligence must prove

3

the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, a causal relationship between the breach of duty and the plaintiff's alleged injuries, and certain actual injury or loss sustained by the plaintiff. Camalier v. Jeffries, 340 N.C. 699, 706 (1995); Blackwell v. Hatley, 688 S.E.2d 742, 746 (N.C. Ct. App. 2010).

North Carolina Rule of Civil Procedure 9(j) states in relevant part:

Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. § ] 90-21.12 shall be dismissed unless:

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt. Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676-77 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713-14 (E.D.N.C. 2001). Plaintiff failed to make this necessary certification in his complaint. See Compl. However, because this action was not originally filed in North Carolina, but in the United States District Court

4

for the District of Columbia, and given discovery was ordered by this court on November 17, 2011 [D.E. 25], defendant served Rule 9(j) interrogatories on plaintiff on or about February 29, 2012, to verify whether plaintiff met the requirements of the rule. Mem. in Supp. On April 11, 2012, plaintiff filed with the court "Disclosure of Expert Testimony Under Rule 26(a)(2)(A)" [DE 35]. This document is simply a list of eight doctors. This disclosure does not comply with the substantive requirements of Rule 9(j) and does not include either a written expert report or a summary of the facts and opinions to which the expert is expected to testify as required by Fed. R. Civ. P. 26(a)(2)(B)-(C).

"Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements." Barringer v. Forsyth County Wake Forest Univ. Baptist Med. Ctr., 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009). Furthermore, plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements. See, e.g., Smith v. United States, No. 1:08cv838 (LO/JFA), 2010 WL 256595, at *3 n.5 (E.D. Va. Jan. 19, 2010) (unpublished).

Rule 9(j) provides one narrow exception: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (emphasis removed) (quotation omitted); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffner v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691-94, 336 S.E.2d 116, 118-19 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient).

5

Notably, "[w]hen treatment results in an injury to an area implicated in the surgical field, however, common knowledge does not support an inference of negligence in North Carolina." Wright v. United States, 280 F. Supp. 2d 472, 481 (M.D.N.C. 2003) (citing Diehl, 140 N.C. App. at 380, 536 S.E.2d at 363 ("This Court does not believe that the proper standard of care . . . for gallbladder removal nor its attendant risks are within the common knowledge or experience of a jury.")). Plaintiff has failed to satisfy the criteria 9(j), nor has he established res ipsa loquitur and the claim is dismissed.

Accordingly, defendant's motion to dismiss is ALLOWED [D.E. 36] and the matter is DISMISSED WITHOUT PREJUDICE. Given the dismissal is without prejudice, the motion to continue is DENIED [D.E. 56]. As stated above, the motion for leave to amend and the motion to amend [D.E. 49 and 50] are ALLOWED and all other pending motions [D.E. 31, 48 and 55] are DENIED as MOOT. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the 13 day of January 2013.

                                                TERRENCE W. BOYLE
                                                United States District Judge